IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00333-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NASCHANCY JOHNNY COLBERT (3) | ) |
| | ) |

**THIS MATTER** is before the Court upon the government's Motion for Revocation of Magistrate's Release Order, pursuant to 18 U.S.C. § 3145(a), (Doc. No. 23), and the defendant's response, (Doc. No. 32).

The defendant was recently arrested based on a criminal complaint alleging his involvement in a conspiracy to commit mail, wire, and bank fraud through the use of counterfeit credit cards, in violation of 18 U.S.C. § 1349.[1] (Doc. No. 1: Complaint). A magistrate judge ordered the release of the defendant after a hearing, but stayed the Order pending review by this Court. (Doc. No. 21).

At the detention hearing, the government proffered facts against the defendant, including his criminal history and the details of the investigation, tending to show that he received counterfeit credit cards while he was on state probation for a fraud offense. The defendant proffered the possibility that the defendant was not responsible for all of the orders that led to the delivery of the counterfeit cards to his address. The Pretrial Services Report noted the defendant's ten year length of residence in the community, but also his two prior convictions for financial card fraud and obtaining property under false pretense. The magistrate judge noted the case presented a close call, but that conditions of release would probably work.

---

[1] A grand jury has now returned an indictment charging the defendant with that offense. (Doc. No. 18: Superseding Indictment).

A district court is required to make an independent, de novo determination when acting on a motion to review a magistrate judge's pretrial detention order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). Accordingly, the Court has reviewed the entire record in this case de novo and finds, by clear and convincing evidence, that no conditions or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, the Court will revoke the magistrate judge's release order.

Considering the nature of this offense, courts have found that financial crimes can endanger other persons and the community. United States v. Griffin, W.D.N.C. No. 2:10-cr-3 (Mar. 18, 2010) (Howell, M.J.) (citing United States v. Madoff, 586 F. Supp. 2d 240 (S.D.N.Y. 2009)); 18 U.S.C. § 3142(e)(1). According to the complaint, twenty-two shipments were mailed from a website offering counterfeit credit cards to the defendant's address, but none during the time he was incarcerated for his second fraud conviction. (Doc. No. 1 at ¶¶ 36, 49). The evidence against the defendant is strong, including his acknowledgment that he used the account tied to the orders shipped to his house. (Doc. No. 1 at ¶ 43); 18 U.S.C. § 3142(e)(2). Law enforcement agents found equipment used to load stolen account information onto counterfeit cards and numerous cards bearing the defendant's name at his residence. (Doc. No. 1 at ¶ 45). Significantly, the defendant was on state probation for financial card fraud when he obtained property by false pretenses, and he was on state felony probation for that second fraud offense at the time he allegedly committed the instant federal fraud offense. (Presentence Report at 5-7); 18 U.S.C. § 3142(e)(3)(B). This circumstance, along with numerous other arrests and convictions

while on state probation, give the Court no confidence that the defendant would abide by conditions of release. Thus, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order, (Doc. No. 21), is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: February 21, 2014

Robert J. Conrad, Jr.
United States District Judge